Harry White, Appellee, v. L. W. Baldwin and Guy Thompson, Appellants.

Opinion filed November 9, 1936.

WHITNEL & BROWNING, of East St. Louis, for appellants; HICKMAN & HICKMAN, of Benton, and R. D. WALKER, of counsel.

JOHN A. LOGAN, of Benton, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Harry White, plaintiff appellee, originally brought this action in the justice court for damages done to his Ford truck when it was driven by one Sterbis, whom he had permitted to use it, into the side of a moving freight train operated by defendants appellants. From an adverse judgment defendants appealed to the circuit court of Franklin county. The case was tried before the court without a jury and a judgment for $250 was entered against the defendants, for the plaintiff, to reverse which this appeal is prosecuted.

On Saturday evening, December 29, 1934, plaintiff loaned his Ford truck to Walter Sterbis. The truck was to be used by Sterbis to drive to Royalton to attend a party. Prior to that time Sterbis had driven the truck and was familiar with State Highway No. 148, which led to Royalton (Abst. p. 8, Rec. p. 48).

Highway 148 is concrete and 18 feet wide. It intersects the single-track branch line of the Missouri Pacific at a point near the northwestern outskirts of the city of Zeigler (Abst. p. 5, Rec. p. 34). On the trip Sterbis drove the truck into the middle of a 67-car Missouri Pacific freight train which was then moving in an easterly direction over the intersection. Plaintiff's truck was demolished and Sterbis sustained injuries of which he soon died. The train crew was at the time unaware of the accident.

At the time of the accident, estimated by the various witnesses to have been between 6:15 p. m. and 7:15 p. m., it was misting rain and a little foggy and dark (Abst. p. 10, Rec. p. 55; Abst. p. 24, Rec. p. 89; Abst. p. 25, Rec. p. 90; Abst. p. 28, Rec. p. 93). The truck driven by Sterbis in a southwardly direction passed around another southbound auto being occupied by Ada Skipper and being driven by Olden Young when the two automobiles were about two or three blocks north of the railroad crossing. The Olden Young automobile was traveling about 35 to 40 miles per hour, and Mr. White's truck was being driven in excess of 40 miles (Abst. p. 15, Rec. p. 67; Abst. p. 27, Rec. pp. 93, 94). The only evidence as to visibility is a statement by Olden Young (Abst. p. 28, Rec. p. 93) that good lights would have permitted visibility from 125 to 150 feet. When about one block from the crossing Young saw the train passing over the crossing (Abst. p. 28, Rec. p. 94). After coming to a stop at the crossing and making an examination, he discovered the front end of the White truck had run directly into the side of the moving train (Abst. p. 28, Rec. p. 94).

Defendants admit that if they are liable the judgment was not excessive.

The only material controversy at the trial was over the physical surroundings at the crossing. It is ad-

mitted by all witnesses that there was a highway disc sign with the letters "R. R." on it just to the right (west) of the pavement, measured to be about 500 feet from the crossing, and a regular standard statutory cross-arm sign at the crossing. (See defendants' Exhibits A and B.) It is also admitted that the highway is perfectly straight for a distance of two miles north of the crossing.

Plaintiff's witness, Otis Gandy (Abst. p. 9, Rec. pp. 50, 51), testified that about 100 feet north of the crossing there was a hollow or a dip in the pavement and a southbound automobile must be pretty close to the train before its lights will show the wheels of the passing train.

Plaintiff's witness, J. E. Clem (Abst. p. 14, Rec. p. 63), testified the hard road runs on a decline until about 40 feet from the tracks when the highway ascends to the level of the tracks, and automobile lights go under a train until about 40 feet from the tracks. Clem also testified that the highway disc sign was about 50 feet, maybe farther, from the crossing (Abst. p. 14, Rec. p. 64). Defendants' witness' actual measurement indicated the disc sign was approximately 500 feet, or 169 steps (Abst. p. 20, Rec. p. 79).

Defendants' witness Short directed the taking of photographs, defendants' Exhibits A and B (Abst. pp. 23 and 24), and identified them at the trial. He testified that the highway commences an ascending grade about 450 feet from the crossing. There was no dip or hollow in the road closer than that point. Tests made indicated that lights dimmed for courtesy driving illuminated a train 150 feet from the crossing, while lights for distance driving would illuminate a train on the crossing 300 feet away (Abst. pp. 20 and 21; Rec. pp. 79–82).

At the close of all the evidence the court overruled a motion to find the issues for the defendants and entered judgment for the plaintiff for $250.

The question presented by this record is a growing one in Illinois and is of exceeding importance. Nevertheless, the plaintiff appellee has filed no brief nor tried in any way to assist the court in solving it. It is not our business to argue a litigant's case for him.

We have examined this record with care and in the absence of any contradiction, of statement, fact or law, are of the opinion that the trial court erred in entering its judgment. Said judgment is, therefore, reversed.

*Judgment reversed.*